**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| G.B.T. | : | CIVIL ACTION |
| Petitioner, | : | No. 26-cv-1842-JMY |
| v. | : | |
| JOHN RIFE *et al.*, | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 16th day of September, 2026, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and responses thereto, it is hereby **ORDERED** that Petitioner's petition is **DENIED**.[1] Respondents are directed to file an answer to Petitioner's complaint for injunctive and declaratory relief within 60 days from the date of this order.

---

[1] ECF No. 1 contains both a petition for a writ of habeas corpus and a complaint for injunctive and declaratory relief. This order pertains only to Petitioner's petition. To the extent Petitioner's petition relies on his being subject to electronic monitoring and travel restrictions, those restrictions have been removed and those arguments are moot. (ECF No. 12-2 at 2). The only remaining requirement is that Petitioner report once every six months to the ICE office, to check in through an automated kiosk. (*Id.*)

Habeas relief is an "extraordinary remedy" that can only be granted to individuals "in custody" *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022); 28 U.S.C. § 2241(c). The Supreme Court has explained that custody "involves significant restraints on petitioner's liberty . . . [that] significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963). Petitioner's single requirement does not significantly restrain his liberty such that it rises to the level of "custody."

Under Third Circuit precedent, restrictions constituting "custody" must be (1) severe, (2) immediate (that is, not speculative), and (3) not shared by the public generally. *United States v. Ross*, 801 F.3d 374, 379 (3d Cir. 2015). Petitioner's biannual reporting requirement is not like the restrictions that other courts have called severe. *See Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351 (1973) ("state judicial officers . . . may demand [Petitioner's] presence at any time and without a moment's notice"); *Barry v. Bergen Cnty. Prob. Dep't*, 128 F.3d 152 (3d Cir.

BY THE COURT:

/s/ *John Milton Younge*

**Judge John Milton Younge**

---

1997) (Petitioner required to complete500 hours of community service over three years); *Piasecki v. Ct. of Common Pleas, Bucks Cnty., PA*, 917 F.3d 161 (3d Cir. 2019) (Petitioner required to record updates to address, employment, and phone number for the rest of his life); *Kegel v. Rose*, 2026 WL 1018335, at *5 (E.D. Pa. Apr. 15, 2026) (Petitioner restricted to three states, and required to report to ISAP office every eight weeks, take weekly photos, and undergo random location checks through a mobile app). They are more like those held in *J.P. v. Santacruz* not to rise to the level of "custody." 2025 WL 2633198, at *2 (C.D. Cal. Aug. 27, 2025) ("Petitioner described the [monthly] check-in process as signing onto a phone application for a few minutes which would track Petitioner's location.").

Petitioner is not in custody and, accordingly, this Court lacks jurisdiction to hear his petition. 28 U.S.C. § 2254.